Thomas J. Goodwin
Scott S. Christie (*pro hac vice* to be applied)
Matthew G. Wapner (*pro hac vice* to be applied)
Weimin Ning (*pro hac vice* to be applied)

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Telephone:  (973) 622-4444
tgoodwin@mccarter.com
schristie@mccarter.com
mwapner@mccarter.com
wning@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., | C.A. No. __2:17-cv-07365__ |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT AND** |
| | **DEMAND FOR JURY TRIAL** |
| ISLAND SWIMMING SALES, INC. d/b/a ISLAND RECREATIONAL, | |
| Defendant. | |

For its Complaint against Defendant Island Swimming Sales, Inc. d/b/a Island Recreational ("Island Recreational" or "Defendant"), Plaintiff Hayward Industries, Inc. ("Hayward" or "Plaintiff") alleges as follows:

## NATURE AND BASIS OF THE ACTION

1.      This is an action by Hayward for civil remedies, including injunctive relief and damages, arising from Island Recreational's deliberate and malicious publication in this District and elsewhere of false, misleading, disparaging, and defamatory statements directed toward Hayward's well-known and well-respected Super Pump® swimming pool pumps ("Super Pump® Product").   Specifically, Hayward seeks damages and injunctive relief for product disparagement and false advertising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), and for deceptive business practices and slander of goods under the laws of the State of New York and the common law.

2.      Hayward is a market-leading manufacturer of swimming pool products, including swimming pool pumps.

3.      Island Recreational, a retailer of swimming pool products, has embarked on an advertising and marketing campaign purporting to urgently address a non-existent "recall" of Hayward's Super Pump® Product that contains false information about the operation of these pumps and falsely emphasizes the benefits of a competing pump product (the "Campaign").

4.      The Campaign: (a) misleadingly suggests that Hayward's Super Pump® Product is defective and has been recalled; (b) makes false and misleading statements about the operation of Hayward's Super Pump® Product that are disparaging of that pump; and (c) draws false and misleading comparisons between Hayward's Super Pump® Product and the swimming pool pump of one of Hayward's competitors.

5.      By deliberately disparaging and maligning Hayward's Super Pump® Product through these false and deceptive means, Island Recreational seeks to undermine the trust of the consuming public in Hayward and in Hayward's pool products, and to utilize false or misleading

2

statements regarding Hayward's Super Pump® Product to sell a product that directly competes with Hayward's Super Pump® Product.

6.      Hayward brings this lawsuit to put an end to the smear campaign it has unjustifiably endured at the hands of Island Recreational.

## THE PARTIES

7.      Hayward is a corporation organized and existing under the laws of State of New Jersey with its principal place of business in Elizabeth, New Jersey.

8.      Upon information and belief, Island Recreational is a corporation organized and existing under the laws of the State of New York with a principal place of business at 1059 Hicksville Rd, Massapequa, New York 11758.

## JURISDICTION AND VENUE

9.      This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and subject matter jurisdiction is therefore conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court also has subject matter jurisdiction over this action because it is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.     This action also arises under statutory and common law of the State of New York, and supplemental jurisdiction over these related state law claims is conferred upon this Court by 28 U.S.C. § 1367.

12.     Island Recreational is a corporation organized and existing under the laws of the State of New York, maintains a physical presence in the State of New York, and conducts business operations in the State of New York.

ME1 26305989v.1

13.     Island Recreational has taken and, upon information and belief, will continue to take actions, including those described in this Complaint, in the State of New York and, in particular in this judicial district, that cause injury to Hayward.

14.     At the very least, by virtue of, *inter alia*, Island Recreational's contacts with the State of New York, including but not limited to the above-referenced activities and relationships to the State of New York, this Court has personal jurisdiction over Island Recreational.

15.     Personal jurisdiction over Island Recreational comports with due process.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because (a) Island Recreational resides in this judicial district, (b) a substantial part of the events or omissions giving rise to Hayward's claims occurred and are occurring in this judicial district, and/or (c) Island Recreational is subject to this Court's personal jurisdiction with respect to the instant action.

## FACTS

### Hayward, Its Business and Its Super Pump® Product

17.     Hayward has been a world-renowned and respected manufacturer of swimming pool products, parts and accessories for over 50 years.

18.      Hayward owns and operates the website http://www.hayward-pool.com, among others, on which Hayward advertises and markets its products.

19.     Hayward's products include a complete line of technologically-advanced pumps, filters, heaters, heat pumps, automatic pool cleaners, lighting, controls and salt chlorine generator that are advertised and sold under the HAYWARD® mark and other trademarks of Hayward.

20.     Hayward is the owner of U.S. Registration No. 1,058,211 for the HAYWARD Mark for, *inter alia*, "Pumps and water recirculating systems for swimming pools" in

International Class 7, which was registered on February 8, 1977, and which is incontestable pursuant to 15 U.S.C. § 1065.  A true and correct copy of the registration for the HAYWARD Mark and an excerpt from the U.S. Patent and Trademark Office's website that displays the current status of the registration are attached hereto as Exhibit A.

21.     A pump is a key component of a swimming pool's circulation system insofar as it removes water from the pool, filters it, sanitizes it, and returns it back to the pool.

22.     Swimming pool pumps come in a variety of sizes to best match the unique needs a pool.  One common manner of classifying a pump is based upon the number of speeds at which it can operate.  Swimming pool pumps sold in the United States operate either at a single speed, at two speeds (*i.e.*, at full or half speed), or at variable speeds that can be customized based upon the specific speeds needed for different pool system applications for different periods of time.

23.     In-ground pool pumps are designed for high head or medium head operation. High head pumps can handle greater resistance (*i.e.*, maintain a higher column of water), while medium head pumps are able only to handle lower levels of resistance.

24.     Hayward's Super Pump® Product is a single-speed, in-ground swimming pool pump, and is the world's best-selling medium head pool pump.

25.     Hayward is the owner of U.S. Registration No. 1,518,655 for the SUPER PUMP Mark for "Water recirculating pumps used primarily for swimming pools and spas, swimming pool pumps and spa pumps" in International Class 7, which was registered on January 3, 1989, and which is incontestable pursuant to 15 U.S.C. § 1065.  A true and correct copy of the registration for the SUPER PUMP Mark and an excerpt from the U.S. Patent and Trademark Office's website that displays the current status of the registration are attached hereto as Exhibit B.

26.     Hayward sells its Super Pump® Product in the United States and worldwide under the SUPER PUMP Mark through a network of swimming pool product retailers and swimming pool contractors.

27.      Hayward's Super Pump® Product is purchased in the United States by a variety of consumers, including individual homeowners and commercial pool operators, either as part of equipping a newly-constructed swimming pool or as a replacement for a pump already installed at a swimming pool.

28.     Over the past five years, Hayward has generated millions of dollars from sales of its Super Pump® Product in the United States.

29.     As a result of many years of marketing and selling the Super Pump® Product in the United States, the public has come to recognize the Super Pump® Product as a high-quality and reliable single-speed swimming pool pump, and that the SUPER PUMP Mark identifies Hayward as the source of these pumps.

**Island Recreational and Its Deceptive Conduct**

30.     Island Recreational is a retailer of swimming pool products, including swimming pool pumps, which, upon information and belief, operates two stores: one in Massapequa, New York, and one in Deer Park, New York.  Upon information and belief, Island Recreational also operates and sells swimming pool products through the website http://islandrecreational.com/.

31.     On December 2, 2017, Hayward first became aware of the following misleading, deceptive, disparaging, and defamatory online advertisement targeting Hayward's Super Pump® Product (the "Deceptive E-Mail Advertisement"), and confirmed on December 8, 2017 that the Deceptive E-Mail Advertisement had been sent as part of a mass e-mail marketing campaign by Island Recreational from the e-mail address recall@islandrecreational.com:

ME1 26305989v.1

# ! IMPORTANT
## URGENT PRODUCT RECALL

## Single Speed Hayward® Super Pump™

WE issued this Recall to inform Super Pump Owners of the enormous amount of electricity their Super Pumps™ are consuming. Super Pumps™ generally consume more than 8 times as much electricity to operate as comparable Variable Speed Pumps.



As a result Super Pump™ Owners are paying up to 8 times more for electricity.
**DURING THIS RECALL YOU CAN SWAP YOU SINGLE SPEED SUPER PUMP™ FOR AN ENERGY STAR® LISTED VARIABLE SPEED PUMP**

## ? WHAT TO DO NEXT
### IT'S TIME TO RECALL YOUR PUMP
### FOR AN ENERGY STAR LISTED PUMP



CLICK HERE NOW

ME1 26305989v.1

32.     The Deceptive E-Mail Advertisement clearly and unambiguously identifies the Super Pump® Product through use of the HAYWARD Mark, the SUPER PUMP Mark and an image of the Super Pump® Product which has a unique and distinctive gold-colored motor.  In the process, Island Recreational denigrates the strength of the SUPER PUMP mark and the associated goodwill in that mark by improperly referencing it as a common law trademark of Hayward through use of the designation "™", rather than as a registered trademark identified with the designation "®".

33.     The Deceptive E-Mail Advertisement purports to publicize an "URGENT PRODUCT RECALL" and constitute a "RECALL NOTICE" for Hayward's Super Pump® Product.

34.     The Deceptive E-Mail Advertisement is intended to confuse owners of Hayward's Super Pump® Product into falsely believing that this pump is defective and is being recalled because it consumes an "enormous amount of electricity."  However, Hayward's Super Pump® Product has not been and is not subject to any recall.

35.     The deception that Hayward's Super Pump® Product has been recalled is reinforced by the layout of and the color scheme used in the Deceptive E-Mail Advertisement. At the center of the Deceptive E-Mail Advertisement is a large graphic image of a Hayward's Super Pump® Product over which is superimposed a facsimile of a red ink stamp of the word "RECALL" in large capital letters.  Indeed, in order to convey alarm and the need for immediate action, the Deceptive E-Mail Advertisement makes frequent use of the color red including selectively in its text, repeatedly employs an over-sized exclamation point, and is surrounded by a border of alternating yellow and black stripes.

36.     The Deceptive E-Mail Advertisement advises owners of Hayward's Super Pump® Product "WHAT TO DO NEXT" by exhorting them that "IT'S TIME TO RECALL YOUR PUMP FOR AN ENERGY STAR LISTED PUMP."

37.     At the very bottom of the Deceptive E-Mail Advertisement in the middle of a long red horizontal rectangle are the words "CLICK HERE NOW" in an extremely small font and in white text making them virtually illegible.  Clicking on that link directs the user to the following page of the Island Recreational website:  http://dailydeal.islandrecreational.com/recall/  (the "Deceptive Website Advertisement"), a copy of which is attached hereto as Exhibit C.

38.     The Deceptive Website Advertisement furthers the deception that Hayward's Super Pump® Product is subject to a recall by (a) prominently stating "RECALL YOUR SINGLE SPEED HAYWARD® SUPER PUMP™"; (b) using the following facsimile of an official-looking seal purporting to identify Island Recreational as certified to replace the supposedly-recalled Super Pump® Product:



and; (c) including at the bottom a purported hyperlink "Recall Disclaimer Here" which fails to link to anything, much less to any recall disclaimer.

39.     As part of the fictitious recall of Hayward's Super Pump® Product, the Deceptive Website Advertisement entices owners of Hayward's Super Pump® Product to purchase from Island Recreational replacement variable speed swimming pool pump model AC IMP750VSP

manufactured by Hayward competitor Blue Torrent that allegedly is regularly priced at $1,199, but supposedly is being offered by Island Recreational at an unbelievable final cost of $49, installed, after factoring in the purported sale price of the Blue Torrent pump, an unspecified "utility rebate," and an unidentified "recall gift card."

40.     Upon information and belief, no owners of Hayward's Super Pump® Product, or any other consumers, have been sold a replacement Blue Torrent model AC IMP750VSP variable speed swimming pool pump by Island Recreational for $49, installed.   Upon information and belief, the Deceptive Website Advertisement is a bait-and-switch scheme by Island Recreational insofar as it advertises an apparent bargain on a variable speed swimming pool pump with the intention of substituting a more expensive product after a consumer has expressed interest in the advertised pump.  Indeed, the Blue Torrent website listing of its pump products (http://bluetorrentpoolproducts.com/pumps.html), a copy of which is attached hereto as Exhibit D, does not even include a variable speed swimming pool pump model AC IMP750VSP.

41.     To impart a false sense of urgency to interested owners of Hayward's Super Pump® Product, the Deceptive Website Advertisement encourages them to "hurry" because the sale price of $49 for a replacement Blue Torrent model AC IMP750VSP variable speed swimming pool pump is available for "7 days only!"  In fact, the Island Recreational website has continued to offer this $49 sale price for this pump as late as December 18, 2017, more than two weeks after it was initially offered on or about December 2, 2017.

42.     Island Recreational's fraud scheme, as evidenced by the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, has resulted in at least one consumer who purchased a Super Pump® Product complaining that he had been sold a recalled pump.

**Island Recreational's Wrongful Conduct Has Harmed and Will Harm Hayward**

43.     Island Recreational intentionally made false and misleading statements in the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement to deliberately confuse and deceive owners and/or potential purchasers of Hayward's Super Pump® Product into believing that the Super Pump® Product is defective and had been recalled for the purpose of encouraging them to purchase from Island Recreational a pump manufactured by one of Hayward's competitors as part of a bait-and-switch scheme.

44.     Upon information and belief, the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement have deprived Hayward of lost sales of (a) replacement Hayward swimming pool pumps to owners of Hayward's Super Pump® Product, and (b) Super Pump® Products to consumers who would have purchased a Super Pump® Product but for Island Recreational's false, misleading and defamatory statements.

45.     Through the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, Island Recreational has unfairly and improperly disparaged the high quality and stellar reputation of Hayward's Super Pump® Product, as well as negatively affected Hayward's substantial goodwill in the HAYWARD and SUPER PUMP Marks, the trademarks under which Hayward's Super Pump® Product is marketed and sold.

46.     Island Recreational's misrepresentations in the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement also have injured and will continue to injure consumers by depriving them of the ability to make an informed decision when purchasing a swimming pool pump and defrauding them through a false enticement to purchase a Blue Torrent model AC IMP750VSP variable speed swimming pool pump for $49, installed.

47.     The actions of Island Recreational present an imminent risk of harm to Hayward's business, reputation and to the goodwill in the HAYWARD and SUPER PUMP Marks.

48.     Hayward will suffer irreparable harm unless the Court enjoins Island Recreational from further use of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement.

49.     Accordingly, Hayward is entitled to a judgment that Island Recreational is liable for product disparagement and false advertising under the Lanham Act as well as for related state and common law claims.

50.     To remedy the harm to Hayward arising from this illegal conduct, Hayward is entitled not only to an award of substantial damages, but also a preliminary and permanent injunction to force Island Recreational to immediately cease the Campaign, refrain from any further use of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, and to prevent Island Recreational from making false, misleading, disparaging and defamatory statements about Hayward's pool products.

51.     In an effort to ameliorate the harm to consumers, Island Recreational furthermore should be ordered to identify all individuals to whom it sent the Deceptive E-Mail Advertisement and who accessed the webpage http://dailydeal.islandrecreational.com/recall/ through the Deceptive E-Mail Advertisement as well as to issue a retraction approved by Hayward to all of these individuals.

**COUNT I**
**Product Disparagement in Violation of Section 43(a) of the Lanham Act**
**(15 U.S.C. § 1125(a))**

52.     Hayward repeats and realleges the allegations set forth in paragraphs 1-51 of its Verified Complaint as if fully set forth herein.

12

53.     Island Recreational purposefully created and used the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, which contain false and misleading statements of fact about the quality of Hayward's Super Pump® Product, including that Hayward's Super Pump® Product is defective and is being recalled.

54.     Island Recreational disseminated the Deceptive E-Mail Advertisement via a mass e-mail marketing campaign to owners of Hayward's Super Pump® Product in the United States and the Deceptive Website Advertisement by posting it on the Island Recreational website where it is readily accessible to U.S. consumers, including through a hyperlink within the Deceptive E-Mail Advertisement.

55.     Island Recreational employed the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement as part of an organized campaign to convince owners and/or potential purchasers of Hayward's Super Pump® Product in the United States to purchase from Island Recreational a swimming pool pump manufactured by a competitor of Hayward in furtherance of a bait-and-switch scheme.

56.     Island Recreational's acts described above have caused and are likely to continue to cause confusion and mistake, and to deceive Hayward's customers, Hayward's potential customers and the general purchasing public into believing that Hayward's Super Pump® Product is defective and has been recalled.   Indeed, Island Recreational's conduct already has deceived U.S. consumers of swimming pool pump products.

57.     Island Recreational's acts have been – and continue to be – performed intentionally, maliciously, fraudulently and willfully for the purpose of deceiving the public, including Hayward's customers and potential customers, into purchasing swimming pool pumps

from a competitor of Hayward based on the false belief that Hayward's Super Pump® Product is defective and has been recalled.

58.     Island Recreational has acted and is acting with specific intent to disparage the Hayward's Super Pump® Product for its own commercial and economic benefit.

59.     Island Recreational's display and dissemination of the false and misleading statements associated with Hayward's Super Pump® Product in the Deceptive E-Mail Advertisement and in the Deceptive Website Advertisement constitutes product disparagement. This conduct has caused damage to Hayward, including loss of sales of swimming pool pumps and harm to the substantial goodwill in the HAYWARD and SUPER PUMP Marks, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Island Recreational's acts described above, including displaying and disseminating false statements associated with Hayward's Super Pump® Product for commercial advertising in interstate commerce, have caused and, absent an injunction, will continue to cause substantial and irreparable injury to Hayward for which Hayward has no adequate remedy at law. The injury includes substantial and irreparable harm to Hayward's reputation and to the substantial goodwill in the HAYWARD and SUPER PUMP Marks.  Hayward therefore is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

61.     Island Recreational's acts described above were and continue to be deliberate and willful.  Hayward therefore is entitled to recover damages in an amount to be determined at trial, profits made by Island Recreational from the sale of any goods traceable to the display and dissemination of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, as well as the costs of this action pursuant to 15 U.S.C. § 1117.

<u>COUNT II</u>
**False Advertising in Violation of Section 43(a) of the Lanham Act
(15 U.S.C. § 1125(a))**

62.     Hayward repeats and realleges the allegations set forth in paragraphs 1-61 of its Verified Complaint as if fully set forth herein.

63.     Island Recreational purposefully created and used the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, which contain false and misleading statements of fact about the quality of Hayward's Super Pump® Product, including that Hayward's Super Pump® Product is defective and is being recalled.

64.     Island Recreational disseminated the Deceptive E-Mail Advertisement via a mass e-mail marketing campaign to owners of Hayward's Super Pump® Product in the United States and the Deceptive Website Advertisement by posting it on the Island Recreational website where it is readily accessible to U.S. consumers, including through a hyperlink within the Deceptive E-Mail Advertisement.

65.     Island Recreational employed the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement as part of an organized campaign to convince owners and/or potential purchasers of Hayward's Super Pump® Product in the United States to purchase from Island Recreational a swimming pool pump manufactured by a competitor of Hayward in furtherance of a bait-and switch scheme.

66.     Island Recreational's acts described above have caused and are likely to continue to cause confusion and mistake, and to deceive Hayward's customers, Hayward's potential customers and the general purchasing public into believing that Hayward's Super Pump® Product is defective and has been recalled.  Indeed, Island Recreational's conduct already has deceived U.S. consumers of swimming pool pump products.

67. Island Recreational's acts have been – and continue to be – performed intentionally, maliciously, fraudulently and willfully for the purpose of deceiving the public, including Hayward's customers and potential customers, into purchasing swimming pool pumps from a competitor of Hayward based on the false belief that Hayward's Super Pump® Product is defective and has been recalled.

68. Island Recreational's display and dissemination of the false and misleading statements associated with Hayward's Super Pump® Product in the Deceptive E-Mail Advertisement and in the Deceptive Website Advertisement constitutes false advertising. This conduct has caused damage to Hayward, including loss of sales of swimming pool pumps and harm to the substantial goodwill in the HAYWARD and SUPER PUMP Marks, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69. Island Recreational's acts described above, including displaying and disseminating false statements associated with Hayward's Super Pump® Product for commercial advertising in interstate commerce, have caused and, absent an injunction, will continue to cause substantial and irreparable injury to Hayward for which Hayward has no adequate remedy at law. The injury includes substantial and irreparable harm to Hayward's reputation and to the substantial goodwill in the HAYWARD and SUPER PUMP Marks. Hayward therefore is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

70. Island Recreational's acts described above were and continue to be deliberate and willful. Hayward therefore is entitled to recover damages in an amount to be determined at trial, profits made by Island Recreational from the sale of any goods traceable to the display and dissemination of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, as well as the costs of this action pursuant to 15 U.S.C. § 1117.

ME1 26305989v.1

<u>COUNT III</u>
**Deceptive Business Practices in Violation of New York General Business Law**
**(N.Y. Gen. Bus. Law § 349)**

71.     Hayward repeats and realleges the allegations set forth in paragraphs 1-70 of this Verified Complaint as if fully set forth herein.

72.     Island Recreational purposefully created and used in the State of New York the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, which contain false and misleading statements of fact about the quality of Hayward's Super Pump® Product, including that Hayward's Super Pump® Product is defective and is being recalled.

73.     Island Recreational disseminated from the State of New York the Deceptive E-Mail Advertisement via a mass e-mail marketing campaign to owners of Hayward's Super Pump® Product in the United States and the Deceptive Website Advertisement by posting it on the Island Recreational website where it is readily accessible to U.S. consumers, including through a hyperlink within the Deceptive E-Mail Advertisement.

74.     Island Recreational employed the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement as part of an organized campaign to convince owners and/or potential purchasers of Hayward's Super Pump® Product in the United States to purchase from Island Recreational a swimming pool pump manufactured by a competitor of Hayward in furtherance of a bait-and switch scheme.

75.     Island Recreational's acts described above have caused and are likely to continue to cause confusion and mistake, and to deceive Hayward's customers, Hayward's potential customers and the general purchasing public including, upon information and belief, residents of the State of New York, into believing that Hayward's Super Pump® Product is defective and has been recalled.  Indeed, Island Recreational's conduct already has deceived U.S. consumers of

17

swimming pool pump products including, upon information and belief, residents of the State of New York.

76.     Island Recreational's acts have been – and continue to be – performed intentionally, maliciously, fraudulently and willfully for the purpose of deceiving Hayward's customers, Hayward's potential customers and the general purchasing public including, upon information and belief, residents of the State of New York, into purchasing swimming pool pumps from a competitor of Hayward based on the false belief that Hayward's Super Pump® Product is defective and has been recalled.

77.     Island Recreational's misrepresentations in the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement in furtherance of the bait-and-switch scheme have injured and will continue to injure consumers by depriving them of the ability to make an informed decision when purchasing a swimming pool pump and defrauding them through a false enticement to purchase a Blue Torrent model AC IMP750VSP variable speed swimming pool pump for $49, installed.

78.     Island Recreational's display and dissemination of the false and misleading statements associated with Hayward's Super Pump® Product in the Deceptive E-Mail Advertisement and in the Deceptive Website Advertisement constitutes deceptive business practices.  This conduct has caused damage to Hayward, including loss of sales of swimming pool pumps and harm to the substantial goodwill in the HAYWARD and SUPER PUMP Marks, in violation of General Business Law § 349.

79.     Island Recreational's deceptive business practices described above, including displaying and disseminating false statements associated with Hayward's Super Pump® Product for commercial advertising in interstate commerce, have caused and, absent an injunction, will

continue to cause substantial and irreparable injury to Hayward for which Hayward has no adequate remedy at law.  The injury includes substantial and irreparable harm to Hayward's reputation and to the substantial goodwill in the HAYWARD and SUPER PUMP Marks.

80.    Island Recreational's deceptive business practices described above were and continue to be deliberate and willful.  Hayward therefore is entitled to recover damages in an amount to be determined at trial, profits made by Island Recreational from the sale of any goods traceable to the display and dissemination of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, treble damages, costs of this action, and reasonable attorneys' fees.

## COUNT IV
### Slander of Goods in Violation of New York Common Law

81.    Hayward repeats and realleges the allegations set forth in paragraphs 1-80 of this Verified Complaint as if fully set forth herein.

82.    Island Recreational purposefully created and used in the State of New York the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, which contain false, misleading and defamatory statements of fact about the quality of Hayward's Super Pump® Product, including that Hayward's Super Pump® Product is defective and is being recalled.

83.    Island Recreational disseminated from the State of New York the Deceptive E-Mail Advertisement via a mass e-mail marketing campaign to owners of Hayward's Super Pump® Product in the United States and the Deceptive Website Advertisement by posting it on the Island Recreational website where it is readily accessible to U.S. consumers, including through a hyperlink within the Deceptive E-Mail Advertisement.

84.    Island Recreational employed the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement as part of an organized campaign to convince owners and/or

potential purchasers of Hayward's Super Pump® Product in the United States to purchase from Island Recreational a swimming pool pump manufactured by a competitor of Hayward in furtherance of a bait-and switch scheme.

85.     Island Recreational's acts described above have caused and are likely to continue to cause confusion and mistake, and to deceive Hayward's customers, Hayward's potential customers and the general purchasing public including, upon information and belief, residents of the State of New York, into believing that Hayward's Super Pump® Product is defective and has been recalled.  Indeed, Island Recreational's conduct already has deceived U.S. consumers of swimming pool pump products including, upon information and belief, residents of the State of New York.

86.     Island Recreational's acts have been – and continue to be – performed intentionally, maliciously, fraudulently and willfully for the purpose of deceiving Hayward's customers, Hayward's potential customers and the general purchasing public including, upon information and belief, residents of the State of New York, into purchasing swimming pool pumps from a competitor of Hayward based on the false belief that Hayward's Super Pump® Product is defective and has been recalled.

87.     Island Recreational's misrepresentations in the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement in furtherance of the bait-and-switch scheme are not protected by an cognizable privilege and constitute slander *per se* insofar as these false statements attack Hayward's integrity, *inter alia*, for continuing to sell purportedly-defective Super Pump® Products that are subject to a recall.

88.     Island Recreational's display and dissemination of the false and misleading statements associated with Hayward's Super Pump® Product in the Deceptive E-Mail

Advertisement and in the Deceptive Website Advertisement constitutes slander of goods. This conduct has caused damage to Hayward, including loss of sales of swimming pool pumps and harm to the substantial goodwill in the HAYWARD and SUPER PUMP Marks.

89.     Island Recreational's acts described above, including displaying and disseminating false statements associated with Hayward's Super Pump® Product for commercial advertising in interstate commerce, have caused and, absent an injunction, will continue to cause substantial and irreparable injury to Hayward for which Hayward has no adequate remedy at law. The injury includes substantial and irreparable harm to Hayward's reputation and to the substantial goodwill in the HAYWARD and SUPER PUMP Marks.

90.     Island Recreational's acts described above were and continue to be deliberate and willful. Hayward therefore is entitled to recover damages in an amount to be determined at trial, profits made by Island Recreational from the sale of any goods traceable to the display and dissemination of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement, and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, HAYWARD respectfully requests that this Court enter judgment in its favor granting the following relief:

A.    Declaring that Island Recreational has engaged in product disparagement in violation of 15 U.S.C. § 1125(a);

B.    Declaring that Island Recreational has engaged in false advertising in violation of 15 U.S.C. §1125(a);

C.    Declaring that Island Recreational has engaged in deceptive business practices in violation New York General Business Law § 349;

D.  Declaring that Island Recreational has engaged slander of goods in violation of New York common law;

E.  Issuing orders granting a preliminary and permanent injunction enjoining Island Recreational, as well as its successors, assigns, officers, agents, servants, employees, attorneys, and all those persons acting in concert or participating with any of the aforementioned entities and persons from:

1.  Any further use of the Deceptive E-Mail Advertisement and the Deceptive Website Advertisement; and

2.  Publishing, displaying, or disseminating false, misleading, disparaging or defamatory statements about Hayward, Hayward's Super Pump® Product, or any other product of Hayward.

F.  Ordering Island Recreational to identify all individuals and entities to whom it sent the Deceptive E-Mail Advertisement and who accessed the webpage http://dailydeal.islandrecreational.com/recall/ through the Deceptive E-Mail Advertisement as well as to issue a retraction approved by Hayward to all of these individuals enclosing a copy of the Court's order.

G.  Directing Island Recreational to account for the profits realized by Island Recreational as a result of the unlawful actions as alleged herein;

H.  Awarding Hayward all of Island Recreational's profits resulting from the unlawful actions as alleged herein, and further awarding Hayward actual damages, and enhanced damages as permitted by law;

I.  Awarding Hayward pre-judgment and post-judgment interest at the maximum allowable rate;

22

J.   Awarding Hayward its attorneys' fees to the extent permitted;

K.   Awarding Hayward its costs and expenses in this action; and

L.   Awarding Hayward all other such relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Hayward hereby requests a trial by jury on all issues so triable.

Dated:  December 18, 2017

s/Thomas J. Goodwin
Thomas J. Goodwin
Scott S. Christie (*pro hac vice* to be applied)
Matthew G. Wapner (*pro hac vice* to be applied)
Weimin Ning (*pro hac vice* to be applied)

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel:  (973) 622-4444
Fax:  (973) 624-7070
tgoodwin@mccarter.com
schristie@mccarter.com
mwapner@mccarter.com
wning@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

ME1 26305989v.1

## **VERIFICATION**

1.      I am the Vice President of Product Management for Plaintiff Hayward Industries, Inc.

2.      I have carefully reviewed the allegations contained in the accompanying Verified Complaint filed by Plaintiff Hayward Industries, Inc. against Defendant Island Swimming Sales, Inc. d/b/a Island Recreational.

3.      I know and/or believe to be true the factual allegations in the foregoing Verified Complaint, except for such allegations made upon information and belief, which I believe to be true and correct based upon the facts of which I have knowledge, the documents available to me, and the reasonable and logical inferences to be drawn from such information.

4.      The Verified Complaint is made in good faith and without collusion for the causes set forth therein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:  December 18, 2017

Kevin Potucek

ME1 26292372v.3