

February 1, 2018

VIA ELECTRONIC FILING

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Thomas J. Goodwin
Partner
T. 973 848 5351
F. 973 297 3878
tgoodwin@mccarter.com

**Re:** <u>**Hayward Industries, Inc. v. Island Swimming Sales, Inc. d/b/a Island Recreational**
**Civil Action No: 2:17-cv-07365-LDW-AKT**</u>

Dear Judge Wexler:

We represent plaintiff Hayward Industries, Inc. ("Hayward") in the above referenced matter. With the consent and agreement of defendant Island Swimming Sales, Inc. d/b/a Island Recreational ("Island Recreational"), we write to notify you that the parties have reached a settlement agreement in this matter. As part of the settlement agreement, among other things, the parties agreed to a Consent Permanent Injunction and Island Recreational agreed to make monetary payments in installments. The settlement agreement also provides that the parties will file a joint stipulation of dismissal of all claims in this matter upon Island Recreational's compliance with the terms of the settlement agreement.

Accordingly, we have enclosed a Consent Permanent Injunction that has been agreed upon by the parties. If the form of this Order is acceptable to the Court, we respectfully request that the Order be entered by the Court. If the Court has any issues with the form of Order, we are available to discuss at the Court's convenience.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

Respectfully submitted,

<u>s/Thomas J. Goodwin</u>

Thomas J. Goodwin

Enclosure
cc:   All counsel of record

ME1 26560512v.1

Thomas J. Goodwin
Scott S. Christie
Matthew G. Wapner (*pro hac vice* to be applied)
Weimin Ning (*pro hac vice* to be applied)

**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Telephone: (973) 622-4444
tgoodwin@mccarter.com
schristie@mccarter.com
mwapner@mccarter.com
wning@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br>                           Plaintiff, <br><br> v. <br><br> ISLAND SWIMMING SALES, INC. <br> d/b/a ISLAND RECREATIONAL, <br><br>                           Defendant. | C.A. No. 2:17-cv-07365-LDW-AKT <br><br><br> **CONSENT PERMANENT** <br> **INJUNCTION** |

THE COURT FINDING THAT, on or about December 18, 2017, Plaintiff Hayward

Industries, Inc. ("Hayward") filed a complaint against Defendant Island Swimming Sales, Inc.

d/b/a Island Recreational ("Island Recreational") in the United States District Court for the

Eastern District of New York entitled *Hayward Industries, Inc. v. Island Swimming Sales, Inc. d/b/a Island Recreational*, Civil Action No. 2:17-cv-07365-LDW-AKT alleging, among other things, product disparagement and false advertising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"), and for deceptive business practices and slander of goods under the laws of the State of New York and the common law; and

THE COURT FINDING THAT, on or about December 20, 2017, Hayward filed an application seeking an Order to Show Cause with temporary restraints and for a preliminary injunction as to its two Lanham Act claims; and

THE COURT FINDING THAT, Hayward and Island Recreational, by and through themselves as well as their respective attorneys of record, have stipulated and consented to the entry of this Consent Permanent Injunction; and for good cause shown;

IT IS on this ___ day of February, 2018:

ORDERED that Island Recreational, as well as its successors, assigns, affiliates, subsidiaries, parents, officers, agents, servants, employees, attorneys, and all those persons acting in concert or participating with any of the aforementioned entities are hereby enjoined from:

1. Any further use of the accused Deceptive E-Mail Advertisement and the accused Deceptive Website Advertisement (as defined in the Complaint);

2. Publishing, displaying, or disseminating any knowingly or recklessly false disparaging, defamatory or misleading statements about Hayward, Hayward's Super Pump® Product, or any other product of Hayward anywhere in the United States, via television, radio, printed publications, and all Internet website content and electronic communications;

3. Engaging in intentional unfair competition with Hayward, or any

knowingly or recklessly false or deceptive advertising or improper bait-and-switch sales tactics involving any Hayward product;

      4.     Advertising Hayward products for sale at prices below that paid by Island Recreational for those products, without any intent to sell those products at those prices; and

      5.     Knowingly or recklessly suggesting that products containing non-Hayward components are products entirely manufactured and sold by Hayward.

IT IS FURTHER ORDERED that any advertisement by Island Recreation for the sale of any Hayward product that is (i) used, (ii) in an open carton, or (iii) a floor model shall prominently so state.

IT IS FURTHER ORDERED that within five (5) days of this Order, Island Recreational will direct that a retraction in the form attached as Exhibit A is issued to the individuals and entities that received the accused Deceptive E-Mail Advertisement or viewed the webpage http://dailydealislandrecreational.comrecall/.

IT IS FURTHER ORDERED that no bond shall be required from Hayward, and that this Consent Permanent Injunction shall have the full force and effect as if a bond had been posted.

IT IS FURTHER ORDERED that the Court retains jurisdiction as necessary for the enforcement of compliance with and the punishment of violations of this Consent Permanent Injunction.

 

                                          **HON. LEONARD D. WEXLER**
                                          **Senior United States District Judge**

**CONSENTED TO AND AGREED TO:**

<table>
<tr><td>

s/Thomas J. Goodwin
Thomas J. Goodwin
Scott S. Christie
Matthew G. Wapner (*pro hac vice* to be applied)
Weimin Ning (*pro hac vice* to be applied)

**McCARTER & ENGLISH, LLP**
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, NY 10019

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056

Telephone:  (973) 622-4444
tgoodwin@mccarter.com
schristie@mccarter.com
mwapner@mccarter.com
wning@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

</td><td>

s/Rocco S. Barrese
Rocco S. Barrese
Matthew Siegal
**DILWORTH & BARRESE, LLP**
1000 Woodbury Road, Suite 405
Woodbury, New York 11797
Telephone: (516) 228-8484
rbarrese@dilworthbarrese.com
msiegal@dilworthbarrese.com

*Attorneys for Defendant*
*Island Swimming Sales, Inc. d/b/a*
*Island Recreational*

</td></tr>
</table>

# EXHIBIT A

**Important Clarification by Island Recreational**

In December 2017, Island Recreational sent an e-mail notice referencing a swimming pool pump manufactured by Hayward Industries, Inc. known as a "Super Pump" with the caption "IMPORTANT URGENT PRODUCT RECALL." This notice stated that a recall had been issued as to Hayward's Super Pump product because it consumes "an enormous amount of electricity." This notice further advised owners of Hayward's Super Pump product "WHAT TO DO NEXT" by recommending "ITS TIME TO RECALL YOUR PUMP FOR AN ENERGY STAR LISTED PUMP."

It has come to our attention that consumers have interpreted this e-mail notice as a recall of Hayward's Super Pump product and that Hayward's Super Pump product is somehow defective or dangerous to operate. Any such interpretation of this nature is incorrect. There has not been and there is no recall of Hayward Super Pump products. Furthermore, we have no reason to believe that Hayward's Super Pump products are defective or are dangerous to operate.

Island Recreational apologizes for any confusion the e-mail notice may have caused.